IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KESSE D. BEDA, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> FIRST-CITIZENS BANK AND TRUST COMPANY, ET AL., <br><br> Defendants. | § § § § § § § § § § § <br><br> CIVIL ACTION NO. 4:22-CV-00706-ALM-CAN |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is *pro se* Plaintiffs Kesse Beda and Batcho Beda's Motion to Remand [Dkt. 5]. After reviewing the Motion to Remand, Defendants' Response [Dkt. 6], Plaintiffs' Reply [Dkt. 9], and all other relevant filings, the Court recommends Plaintiffs' Motion to Remand be **DENIED**.

**BACKGROUND**

On July 28, 2022, *pro se* Plaintiffs Kesse Beda and Batcho Beda's ("Plaintiffs") filed suit against Defendants First-Citizens Bank and Trust Company ("First-Citizens Bank") and Dovenmuehle Mortgage, Inc. ("DMI") (collectively, "Defendants") in the 211th Judicial District Court of Denton County, Texas [Dkt. 1 at 1]. Plaintiffs' original petition seeks injunctive relief to "stop [the foreclosure process on the real property located at 4917 Hidden Pond Dr., Frisco, Texas 75036 (the "Property")] and continue to loan modification application" [Dkt. 1 at 1].

On August 17, 2022, Defendants removed Plaintiffs' case to the Eastern District based on diversity jurisdiction [Dkt. 1]. Defendants plead complete diversity exists, namely that Plaintiffs are citizens of Texas, First-Citizens Bank is a citizen of North Carolina, and DMI is a citizen of Delaware and Illinois [Dkt. 1 at 4-5]. On August 18, 2022, Plaintiffs filed a Motion to Remand

challenging the existence of both diversity of citizenship and the amount in controversy [Dkt. 5 at 1-2]. On August 22, 2022, Defendants filed a response [Dkt. 6 at 1-8]; on September 6, 2022, Plaintiffs filed a reply [Dkt. 9].

## ANALYSIS

### *Diversity Jurisdiction*

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). 28 U.S.C. § 1441(a), the general removal statute, allows a defendant to remove a case to the federal district court for the district and division within which the state action was pending, provided that the district court possesses original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States," *or* over civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332. "To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted). Complete diversity requires "all persons on one side of the controversy [to] be citizens of different states than all persons on the other side." *Id.* (quotation omitted). "For individuals, 'citizenship has the same meaning as domicile,' and 'the place of residence is prima facie the domicile.'" *Id.* (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). "A corporate defendant is a citizen of both its state of incorporation and the state where its principal place of business is located." *Woolsey v. Continental Cas. Co.*, No.3:09-CV-10920O, 2009 WL 10704302, at *1 (N.D. Tex. Oct. 28, 2009) (citing 28 U.S.C. § 1332(c)(1)); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988). In an

action that has been removed from state court, the removing party, here Defendants, bear the burden of establishing federal jurisdiction. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). For the amount in controversy, "the party invoking diversity jurisdiction must show by a preponderance of the evidence that the amount-in-controversy requirement is met." *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). "Jurisdiction must be reviewed based upon the pleadings and operative facts as they existed at the time of removal." *Blazejewski v. Allstate Fire & Cas. Ins. Co.*, No. SA-21-CV-00700-JKP, 2021 WL 4173429, at *1 (W.D. Tex. Sept. 13, 2021) (citing *In re Deepwater Horizon*, 745 F.3d 157, 163 (5th Cir. 2014)). Any doubts or ambiguities should be resolved in favor of remand to state court. *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2007).

### *Citizenship of the Parties*

The Parties do not dispute that Plaintiffs reside in Texas, and as natural persons, they are citizens of the State of Texas for diversity purposes [Dkt. 1 at 4; 5 at 2; 6 at 6]. Plaintiffs do dispute however that Defendants are diverse, urging that each "do[es] business in the State of Texas" [Dkt. 9 at 2]. Defendants rejoin that the appropriate consideration for First-Citizens Bank's citizenship, as a corporation, is its place of incorporation and its principal place of business [Dkt. 6-7]. Defendants submit two filings by First-Citizens Bank with the Texas Secretary of State indicating its registration as an out-of-state financial institution and noting that it is formed under the laws of the State of North Carolina [Dkt. 6 at 11-16]. These documents also show First-Citizens Bank's principal place of business is in Raleigh, North Carolina [Dkt. 6 at 11, 15]. Defendants have met their burden to demonstrate First-Citizens Bank is a citizen of North Carolina for the purpose of diversity. *See, e.g.*, *Huggins v. YCI Methanol One, LLC*, 477 F. Supp. 3d 590,

592 (S.D. Tex. 2020) (citing *etradeshow.com, Inc. v. Netopia Inc.*, No. CIV.A.3:03-CV-1380-K, 2004 WL 515552, at *1 (N.D. Tex. Jan. 30, 2004)) ("Such filings [with the secretaries of state] are persuasive—even if not wholly dispositive—to the [diversity] analysis."); *Rosenbrock v. Deutsche Lufthansa, A.G., Inc.*, No. 6:16-CV-0003, 2016 WL 2756589, at *7 (S.D. Tex. May 9, 2016) (filings with the Texas Secretary of State showing a corporation's place of formation and principal place of business sufficed to show citizenship for the purpose of diversity), *report and recommendation adopted sub nom. Rosenbrock v. Deutsche Lufthansa, AG, Inc.*, No. CV V-16-0003, 2016 WL 11088850 (S.D. Tex. June 21, 2016); *Word of Life Church of El Paso v. State Farm Lloyds*, EP-17-CV-00049-DCG, 2017 WL 5139258, at *3 (W.D. Tex. Apr. 4, 2017) ("[U]ncontroverted statements of residency have been deemed sufficient to demonstrate citizenship"). The Court similarly finds Defendants have sufficiently demonstrated DMI is a citizen of Delaware and Illinois. Defendants' documents reflect DMI's place of incorporation is the State of Delaware and its principal place of business is in the State of Illinois [Dkt. 6 at 17-22].

In sum, for the purpose of removal jurisdiction, Defendants have shown complete diversity of citizenship between Plaintiffs and Defendants. *See Carrillo v. Bank of N.Y. Mellon as Tr. for Certificate holders of CWABS Inc., Asset-Backed Certificates, Series 2007-10*, No. 3:19-CV-2125-S-BH, 2020 WL 8083839, at *1 (N.D. Tex. Dec. 7, 2020) (denying motion to remand in foreclosure proceeding where all defendant financial institutions showed they were citizens of states other than Texas), *report and recommendation adopted*, No. 3:19-CV-2125-S-BH, 2021 WL 91678 (N.D. Tex. Jan. 11, 2021).

### *Amount in Controversy*

Plaintiffs' suit appears to be aimed at preventing a foreclosure sale of the Property. "The amount in controversy is normally determined by the amount sought on the face of a plaintiff's

petition." *1400 FM 1417 LLC v. Certainteed Corp.*, No. 4:21-CV-00847, 2022 WL 906192, at *7 (E.D. Tex. Mar. 28, 2022) (citing 28 U.S.C. § 1446(c)(2)) (Mazzant, J.). Here, Plaintiffs' state court petition does not state an amount in controversy; rather, Plaintiff seeks nonmonetary relief [Dkt. 3 at 1-2]. When the plaintiff's state court petition seeks nonmonetary relief, "the notice of removal may assert the amount in controversy," and removal is proper if the amount pleaded in the notice of removal is supported by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2). In a typical foreclosure case, "the object of the litigation is the fair market value of plaintiff's home because if the plaintiff loses, she will lose all title, right, and interest in [the] property." *Bank of N.Y. Mellon v. Maniscalco*, No. 1:15-CV-35, 2015 WL 11111369, at *2 (E.D. Tex. May 11, 2015); *see also Ayati-Ghaffari v. Dimon*, No. 419CV00533ALMCAN, 2019 WL 5790653, at *2 (E.D. Tex. Aug. 2, 2019) ("Plaintiff's suits appear to be an effort to set aside the foreclosure of his residence. In cases of this type, the amount in controversy is determined by the value of the disputed property."), *report and recommendation adopted*, No. 4:19-CV-533, 2019 WL 5721664 (E.D. Tex. Nov. 5, 2019) (Mazzant, J.).

The Court finds the amount in controversy exceeds $75,000.00 under any "reasonable basis" for valuing the Property, "whether purchase price, market value, or outstanding principal and interest." *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013).[1] Defendants' notice of removal pleads the fair market value of the Property is $432,455.00 [Dkt. 1-8 at 1-2].[2] Plaintiffs do not contest that $432,455.00 is the Property's current market value. *See*

---

[1] While no Party directs the Court to evidence of the Property's purchase price, Defendants aver the Deed of Trust was secured by a loan of $219,050.00 [Dkt. 6 at 2].

[2] Defendants proffer evidence as to the market value and ask the Court take judicial notice of the Denton County Appraisal District record attached to the Notice of Removal [Dkt. 1-8], showing the Property's 2022 market value is $432,455.00, far exceeding $75,000.000 [Dkts. 1-8 at 1-2; 6 at 4]. Courts routinely take judicial notice of county appraisals. *See, e.g.*, *Beard v. Bank of N.Y. Mellon as Tr. for WIMC Cap. Tr. 2011-1*, No. 1:19-CV-00600, 2020 WL 13120870, at *4 (E.D. Tex. Sept. 29, 2020) ("The Court takes judicial notice of this appraisal because it is public record, the information it provides is readily ascertainable, and the source of the appraisal cannot reasonably be questioned.").

*Smith v. Washington Mut. Bank*, No. 9:20-CV-118, 2020 WL 6937461, at *4 (E.D. Tex. Sept. 22, 2020) (citation omitted) ("The appraised value of the property Plaintiff seeks ownership over is at least $127,310.00. Plaintiff has failed to rebut this valuation. Thus, the valuation is taken as true and the amount in controversy threshold is met."), *report and recommendation adopted*, No. 9:20-CV-118, 2020 WL 6889177 (E.D. Tex. Nov. 23, 2020). As to the amount of principal and interest due, the outstanding principal balance, per Plaintiff, is $193,631.88 with a 4.125% interest rate [Dkt. 5-1 at 1].

Notwithstanding, Plaintiffs urge that the amount in controversy should be calculated by looking to their "past due balance" of $55,820.28 [Dkt. 5 at 1]. Because Plaintiffs seek an injunction "to stop[] the foreclosure sale" [Dkt. 3 at 86], the entire Property is the object of the litigation. *See Farkas*, 737 F.3d at 341 ("The purpose of the injunctive and declaratory relief, to stop the foreclosure sale of the properties by [Defendants], establishes the properties as the object of the present litigation."). Moreover, no authority is offered that the "past due balance" is a reasonable value of Property as the object of a lawsuit to enjoin a foreclosure sale. And even if the "past due balance" is properly considered, at the time of removal, Plaintiffs' live petition reflects the amount past due is much higher [Dkt. 3 at 45-48]. *See De Jongh v. State Farm Lloyds*, 555 F. App'x 435, 437 (5th Cir. 2014) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)) ("To determine whether jurisdiction is present for removal, we consider the claims in Jongh's original petition as they existed at the time of removal."). $55,820.28 is merely the reinstatement amount [Dkt. 5-1 at 1, 74]; the total accelerated balance due is $227,133.52 [Dkt. 5-1 at 1, 70].

In sum, the Court finds the amount in controversy is met by a preponderance of the evidence. *See Mosely v. NewRez Mortg. LLC*, No. 4:21-CV-396, 2022 WL 1750635, at *4 (S.D.

Tex. May 4, 2022) (collecting cases) ("Courts routinely use a county appraisal district's valuation as the only evidence in determining the amount in controversy."), *report and recommendation adopted*, No. 4:21-CV-00396, 2022 WL 1747023 (S.D. Tex. May 31, 2022).  Every reasonable value of the Property supported by evidence in the record exceeds the requisite $75,000.00 amount in controversy to establish diversity jurisdiction.

Accordingly, removal is proper and Plaintiffs' Motion to Remand should be denied.  *See Beard v. Bank of N.Y. Mellon as Tr. for WIMC Cap. Tr. 2011-1*, No. 1:19-CV-00600, 2020 WL 13120870, at *5 (E.D. Tex. Sept. 29, 2020); *Merritt v. Ocwen Loan Servicing, LLC*, No. 6:19-CV-106-JDK, 2019 WL 13212415, at *3 (E.D. Tex. June 6, 2019); *see also Schoenbauer v. Deutsche Bank Nat'l Tr. Co.*, No. 3:20-CV-1901-E-BH, 2021 WL 495881, at *3 (N.D. Tex. Jan. 26, 2021), *report and recommendation adopted*, No. 3:20-CV-1901-E-BH, 2021 WL 487740 (N.D. Tex. Feb. 10, 2021).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that *pro se* Plaintiffs Kesse Beda and Batcho Beda's Motion to Remand [Dkt. 5] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 9th day of November, 2022.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE